THOMAS T. NAPIER, plaintiff in error, *vs.* MICHAEL DICK-SON, defendant in error.

In 1858, N. sold to D. certain negro slaves, for the sum of $7,000 00, $2,000 00 of which was paid at the time of sale, the purchaser giving his promisory notes for the balance, due at one, two, three, and four years after date; to secure the payment of which, D. executed to N. a mortgage on real estate. In November, 1865, that mortgage was foreclosed, for the sum of $5,000 00, principal, and $2,685 25, interest. At the May Term of the Court, 1866, D., the defendant, appeared in Court and made a motion to have said judgment of foreclosure opened and a new trial had, on the ground that the defendant therein was *unavoidably* absent from the Court, at the time said judgment of foreclosure of the mortgage was rendered, as provided by the Ordinance of 1865, and that the plaintiff was indebted to the defendant in the sum of $3,000 00, besides interest, which should be credited on said mortgage debt; and the prayer of the defendant, in his motion, was, that this latter sum might be set off against the plaintiff's demand, and, in the meantime, that all proceedings be stayed, until there could be a hearing of the case. The Court granted the order, as prayed for, suspending all further proceedings, until the further order of the Court. This was the state of things when the Constitution of 1868 was adopted, denying to the Courts of this State jurisdiction or authority to try or give judgment on, or enforce any debt, the consideration of which was a slave, or slaves. The Court below declined to take jurisdiction of the case, for any purpose whatever, but left the parties just as they stood, in regard to their respective rights, when the Constitution of 1868 was adopted. Both parties excepted to the decision of the Court: *Held*, that under the former ruling of a majority of this Court, in regard to debts the consideration of which was a slave, or slaves, the judgment of the Court below was right, and should be affirmed.

Constitutional Law. Slave Debts. Before Judge PARROTT. Catoosa Superior Court. August Term, 1869.

Napier *vs.* Dickson.

On the 21st of August, 1858, Napier sold to Dickson slaves, at $7,000 00, $2,000 00 of which-was paid, and Dickson gave to Napier his four notes for $1,250 00 each, due one, two, three, and four years after date, with interest from date, and, to secure these notes, gave Napier a mortage on real estate in said county.  At November Term, 1865, of said Court, a rule was had, absolutely foreclosing said mortgage, for $5,000 00, principal, $2,685 24, for interest, and $7 50 for costs; Napier says that sum was and is due on said notes, but Dickson denies it.  At May Term, 1866, Dickson averred that he was unavoidably absent from said November Term, and that such rule absolute ought not to have been taken, because at that time Napier owed him for rent of a hotel, for 1861, 1862, 1863, $1,000 00, and for a lot of furniture, $2,000 00; that Napier could not pay said amount, and prayed that said rule be set aside, and that he be allowed to plead his said demand, as a set-off to said notes; and he prayed for a *supercedeas* of said rule, pending his motion for a new trial.  The Court, at May Term, 1866, ordered Napier to show cause why said rule should not be set aside, etc., and that, *ad interim*, said rule should be stayed.

This motion *and supercedeas* still pending, the Constitution of Georgia, of 1868, became of force.  When the facts were brought to the attention of the Court, in August, 1869, he decided that he had no jurisdiction of the matter, under said Constitution, and refused to have anything to do with it. In a joint bill of exceptions, Napier complains that the Court refused to hear the cause and remove the *supercedeas*, and Dickson complains that the Court should have granted the new trial, and then have allowed him a judgment for his demand against Napier.

A. T. HACKET, C. D. McCUTCHEN, D. A. WALKER, for plaintiff in error.

WILLIAM H. DABNEY, for defendant.

WARNER, J.

Under the former ruling of a majority of this Court, in regard to debts, the consideration of which was a slave, or slaves, the judgment of the Court below was right, and should be affirmed.

Let the judgment of the Court below be affirmed.